UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                             Case Number 23-20275

v.                                              Honorable David M. Lawson

TYRESE MARTEZ JONES,

                    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S**
**MOTION FOR REDUCTION OF SENTENCE**

Defendant Tyrese Martez Jones was charged by a grand jury with possessing a firearm as a convicted felon.  He was sentenced on September 19, 2024 to a prison term of 53 months.  Jones recently filed a motion to be resentenced.  He argues that he should receive the benefit of Amendment 821 enacted and made retroactive by the United States Sentencing Commission, which changed the way criminal history status points are calculated.  Jones contends that he was given two criminal history points for being on probation when the crime was committed.  He believes that when applying the amendment, those points would not be calculated, and his resulting criminal history category — and the consequent sentencing guideline range — would be lower.  However, Jones was sentenced after the effective date of Amendment 821, which was taken into account when calculating his guideline range.  Therefore, he is not eligible for relief.  His motion will be denied.

"District courts generally may not reconsider a sentence after they have imposed it." *United States v. Thomas*, No. 24-3421, 2024 WL 5055405, at *1 (6th Cir. Dec. 10, 2024) (citing 18 U.S.C. § 3582(c); *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).  "But Congress has created a few exceptions to this rule.  As relevant here, a district court may reduce a sentence

if the Sentencing Commission later lowers the defendant's 'sentencing range' and if the reduction would comport with the sentencing 'factors' in 18 U.S.C. § 3553(a) and the 'policy statements' that the Commission has issued." *Ibid.* (citing 18 U.S.C. § 3582(c)(2)).

"The applicable policy statement identifies the specific guidelines amendments (including Amendment 821) that allow defendants to seek reduced sentences." *Ibid.* (citing U.S.S.G. § 1B1.10(d)). "The Supreme Court has told district courts to review motions for a reduced sentence under § 3582(c)(2) in two steps — one legal and one discretionary." *Ibid.* (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010); *United States v. Goodwin*, 87 F.4th 321, 326 (6th Cir. 2023)). "Courts should first ask whether a defendant meets the legal requirements for a reduced sentence under § 1B1.10. If so, courts should then ask whether the § 3553(a) factors justify a reduced sentence. At this second step, the statute gives district courts substantial discretion to decide whether to reduce a sentence." *Ibid.* (citations omitted).

"In 2023, the [Sentencing] Commission's Amendment 821 changed [the] guideline" governing the computation of a defendant's criminal history category. *United States v. Thomas*, No. 24-3421, 2024 WL 5055405, at *1 (6th Cir. Dec. 10, 2024) (citing U.S. Sentencing Comm'n, Guidelines Manual App. C., Am. 821 (Part A) (Nov. 2023)). "Defendants now receive only one additional criminal-history point if they commit their current offense while subject to a prior sentence," and they "receive this additional point only if they already have at least seven criminal-history points based on their prior offenses." *Ibid.* (citing U.S.S.G. § 4A1.1(e) (2023)). "The Commission made Amendment 821 retroactive." *Id.* at *2 (citing U.S.S.G. § 1B1.10(d), (e)(2), & cmt. n.7).

At the sentencing hearing, the Court determined that Jones's sentencing guideline range was 46 to 57 months, based on a net offense level of 17 and a criminal history category of V. His

criminal history included two three-point prior convictions, one two-point conviction, two one-point convictions, and four 0-point convictions, which totaled 10 criminal history points.  Because that total exceeded seven points, and because Jones was on probation to state court for second-degree arson at the time he committed the offense of conviction, one additional point was added, to bring the total to 11 criminal history points. U.S.S.G. § 4A1.1(e).  Those 11 points earned Jones a category-V designation.  That calculation tracked the instructions set out in the Sentencing Guideline Manual as amended by Amendment 821.

Jones says that he was given two criminal history points for being on probation when he committed the offense.  He is incorrect.  Only one criminal history status point was added to his score, and that was authorized by Amendment 821.  Jones received the benefit of Amendment 821 at the time of his sentence.  Therefore, he has not carried his burden of showing that his sentence was based on a sentencing range that later was lowered by the Sentencing Commission.  *United States v. Petaway*, No. 16-3592, 2017 WL 6003432, at *1 (6th Cir. May 22, 2017) ("To be eligible for a reduction, a defendant must show that his sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission and that the reduction would be consistent with the Commission's applicable policy statements.") (citing *United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012)).

Accordingly, it is **ORDERED** that the defendant's motion for resentencing (ECF No. 52) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   February 23, 2026

- 3 -